**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DOMINIC and HEATHER DELA FUENTE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>HUMANA INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | No. CV-11-0700-PHX-JAT<br><br>**ORDER** |

Currently before the Court is Plaintiffs Dominic and Heather dela Fuente's Motion to Remand. (Doc. 7.[1]) Defendant Humana Insurance Company filed a Response on May 5, 2011. (Doc. 9.) Plaintiffs filed a Reply on May 18, 2011. (Doc. 10.) For the reasons that follow, the Court denies Plaintiffs' Motion to Remand.

**I.   Background**

Plaintiffs Dominic and Heather dela Fuente, and their four children who are not named as plaintiffs in this matter, received health insurance coverage from Defendant beginning on May 2, 2008. Plaintiffs allege that their son, Cody dela Fuente, was injured in a serious car accident and had to receive emergency treatment and several surgical procedures. Plaintiffs allege that Defendant assured them that the doctors performing the surgical procedures were network providers under Defendant's plan. However, Plaintiffs

---

[1] All Documents are in CV 11-0700 unless otherwise indicated.

1 subsequently received several notifications from Defendant stating that the doctors who 2 performed the procedures were not network providers. As such, Plaintiffs allege that 3 Defendant breached their contract by refusing to provide insurance coverage.

4 On August 9, 2010, Plaintiffs commenced this action in Maricopa County Superior 5 Court. (Doc. 1 in CV 10-2210, Ex. 1, Complaint.) In the Complaint, Plaintiffs allege breach 6 of contract and breach of good faith and fair dealing. (*Id.*) Plaintiffs seek actual, general, 7 and consequential damages, as well as punitive damages and reasonable attorneys' fees and 8 costs. (Compl., 9:3–7.)

9 On October 15, 2010, Defendant removed the case to this Court based on diversity 10 jurisdiction. (Doc. 1 in CV 10-2210.) Plaintiffs filed a timely motion to remand claiming 11 this Court lacked subject matter jurisdiction because Defendant had not provided sufficient 12 evidence to establish that the amount in controversy exceeded $75,000. (Doc. 8 in CV 10-13 2210.) Defendant argued that the amount in controversy requirement was met by Plaintiffs' 14 claim of actual damages, consequential damages, punitive damages, attorneys' fees, and 15 Plaintiffs' concession that damages exceeded $50,000. (Doc. 10 in CV 10-2210.) On 16 February 17, 2011, this Court granted Plaintiffs' Motion to Remand. (Doc. 12 in CV 10-17 2210.)

18 On April 4, 2011, Defendant removed the case to this Court for the second time. 19 (Doc. 1.) Plaintiffs filed a timely motion to remand claiming, once again, that this Court 20 lacks subject matter jurisdiction because Defendant has failed to prove that the amount in 21 controversy exceeds $75,000. (Doc. 7 at 4.) Defendant claims that after this Court remanded 22 the case back to Maricopa County Superior Court, the parties initiated settlement discussions. 23 (Doc. 1 at 6.) Defendant argues that the amount in controversy requirement has been met by 24 the Plaintiffs' opening settlement offer of $135,000, which Defendant claims Plaintiffs admit 25 to making since this Court's initial remand. (Doc. 9 at 2.)

26 **II.    Legal Standard**

27 Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all 28 civil actions where the matter in controversy exceeds the sum or value of $75,000,

- 2 -

exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404. "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to

- 3 -

the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

**III.   Analysis**

Plaintiffs' Complaint does not demand a specific dollar amount in damages. Defendant therefore bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* at 376. Defendant cannot base removal upon conclusory allegations, *Sanchez*, 102 F.3d at 404, but rather must prove the facts to support the jurisdictional amount. *Gaus*, 980 F.2d at 566–67. Defendant claims that Plaintiffs' settlement offer of $135,000 represents new and different grounds for removal and is sufficient evidence to satisfy Defendant's burden of establishing that removal is proper. (Doc. 1 at 6–7.)

The Ninth Circuit has held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Although the parties agree that *Cohn* is the decisive authority, they disagree regarding the requirements that must be satisfied in order for a settlement offer to represent relevant evidence of the amount in controversy.

Plaintiffs incorrectly assert that a proper settlement letter is required for an offer of settlement to be used to prove the amount in controversy. (Doc. 7 at 5.) Although *Cohn's* holding includes the language "settlement letter," it is unlikely that the court intended to make that a requirement. Two cases that the court relied on in its holding support this conclusion. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997) (holding that a settlement *offer* is properly consulted in determining "plaintiffs assessment of the value of her case") (emphasis added); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (holding that although not determinative, a settlement *offer* "counts for something") (emphasis added). Accordingly, a settlement offer can be used as evidence of the amount in controversy, even if it is not embodied in a formal settlement letter.

Plaintiffs also incorrectly assert that in order for a settlement letter to be considered

- 4 -

1 relevant evidence of the amount in controversy, it must contain more than a mere dollar
2 amount. (Doc. 10 at 4.) The only requirement that *Cohn* specifies is that the settlement offer
3 appear "to reflect a reasonable estimate of the plaintiff's claim." 281 F.3d at 840. Plaintiffs
4 have not demonstrated that there are any additional requirements for a settlement letter to be
5 used as evidence of the amount in dispute. In fact, the Ninth Circuit has said that the amount
6 in controversy may even be proven by an imprecise settlement letter. *Babasa v. Lenscrafters,*
7 *Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).

8 As in *Babasa*, Plaintiffs' settlement offer does not stand alone. *Id.* Here, Defendant's
9 initial Response in Opposition to Plaintiffs' Motion to Remand presented a five element
10 argument that the amount in controversy exceeded $75,000. (Doc. 10 in CV 10-2210 at 4)
11 (arguing that the compulsory arbitration certificate, actual damages, punitive damages,
12 attorneys' fees and Plaintiffs' failure to indicate an amount less than $75,000, lead to the
13 conclusion that the amount in controversy has been proven). Although Plaintiff correctly
14 asserts that the Court will not reconsider an issue that has already been decided (Doc. 7 at 4),
15 nothing bars the Court from considering Defendant's former arguments in light of its new
16 and different grounds for removal. Therefore, taking into account Defendant's five element
17 argument, Plaintiffs' settlement offer of $135,000 appears to reflect a reasonable estimate of
18 Plaintiffs' claim.

19 Defendant correctly asserts that courts have relied heavily on a plaintiff's failure to
20 disavow the offered settlement amount. *See Cohn*, 281 F.3d at 840 ("[Plaintiff] could have
21 argued that the demand was inflated and not an honest assessment of damages, but he made
22 no attempt to disavow his letter or offer contrary evidence."); *Krajca v. Southland Corp.*, 206
23 F. Supp. 2d 1079, 1082 (D. Nev. 2002) ("Plaintiffs . . . do not claim that the settlement letter
24 inflated damages or is otherwise incorrect."). Although neither dispositive nor obligatory,
25 Plaintiffs' failure to disavow the offered settlement amount is another reason why their
26 settlement offer "appears to reflect a reasonable estimate of the Plaintiff[s'] claim." *Cohn*,
27 281 F.3d at 840. As a result, Defendant has proven by a preponderance of the evidence that
28 the amount in controversy exceeds $75,000.

- 5 -

### IV. Motion for Attorneys' Fees

Federal Rule of Civil Procedure 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A "frivolous" filing is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). Prior to filing a complaint, an attorney has a duty to conduct a reasonable factual investigation and to perform adequate legal research that confirms whether the theoretical basis of the complaint is "warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986)); Fed. R. Civ. P. 11(b)(2).

Obviously, given the Court's ruling on the Motion to Remand, Plaintiffs have failed to show that Defendant was legally unreasonable or that it acted for an improper purpose when it removed. Accordingly, Plaintiffs are not entitled to attorneys' fees.

Based on *Cohn's* holding that a settlement letter is relevant evidence of the amount in controversy, and considering the evidence presented, the Court concludes that Defendant has met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees is **DENIED**.

DATED this 13th day of September, 2011.

James A. Teilborg
United States District Judge

- 6 -